IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 3:17-CV-03396-G-BT |
| | § | |
| LORIE DAVIS, Director, | § | DEATH PENALTY CASE |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
| Respondent. | § | |

**RESPONDENT'S OPPOSED MOTION FOR LEAVE TO FILE
A SUR-REPLY TO PETITIONER'S REPLY TO RESPONDENT'S ANSWER**

Petitioner Tyrone Cade has filed his amended petition, to which the Respondent has filed an answer. ECF Nos. 79 (Am. Pet.), 82 (Answer). Cade has now filed a reply to the Director's answer, in which he presents new material facts in support of his argument that his state habeas counsel were ineffective. ECF No. 98 (Reply); Appx. at 6782–819. Pursuant to this Court's local rule CV 7.1(h), the Director moves for leave to file a sur-reply in order to address the presentation of new evidence attached to the Petitioner's reply. Cade opposes this motion.

On November 12, 2019, Cade filed his reply to the Director's answer. ECF No. 98. In that reply, Cade argues that his state habeas attorneys were ineffective, attaching in support over thirty pages of declarations from Cade's state habeas investigators and attorneys. Appx. at 6782–814. In her answer,

the Director correctly anticipated that such statements might be filed, asserting that "allowing such factual development when the Director can no longer respond would unfairly prejudice the Director." Answer at 40. This Court has held that "courts will generally not consider new arguments in replies because doing so would deprive the nonmovant of 'a meaningful opportunity to respond.'" *Spedag Americas, Inc. v. Bioworld Merchandising Inc.*, 3:17-cv-0926-BT, 2019 WL 4689011, at *1 (N.D. Tex. Sep. 25, 2019) (Rutherford, M.J.) (quoting *White v. City of Red Oak*, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014)). Not only is Cade's presentation of new material evidence in conflict with these general principles of fairness, but it is also a violation of this Court's scheduling order. ECF No. 61 at 10 ("The Reply shall not raise new claims or *new material facts* in support of existing claims.") (emphasis added).

"When new arguments are raised in a reply, a court may strike them or grant the nonmovant leave to file a surreply." *Spedag*, 2019 WL 4689011, at *1; *see also Black Cat Exploration, LLC v. MWW Capital Limited*, Civ. No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."). This Court has granted such leave in federal habeas cases. *See Ward v. Stephens*, 3:10-CV-2101-N, 2014 WL 887440, at *2 (N.D. Tex. Mar. 6, 2014) (noting that the

State filed a sur-reply), (N.D. Tex. May 8, 2012), ECF No. 40 (motion to file sur-reply to address new ineffective habeas counsel argument), (N.D. Tex. May 9, 2012), ECF No. 41 (order granting motion to file sur-reply); *see also* Brian R. Means, FEDERAL HABEAS MANUAL § 8:35 (2019) ("If new material is raised for the first time in the movant's reply, the nonmoving party should be given an opportunity to respond by filing a sur-reply brief, at a minimum.").

This Court has granted leave to file a sur-reply where new evidence is presented at the reply stage of litigation. *See Dukes v. Strand*, No. 3:15-cv-3600-BT, 2019 WL 2567687, at *2 (N.D. Tex. Jun. 21, 2019) ("In light of the new evidence, this Court granted Strand leave to file a sur-reply."). In *Dukes*, the plaintiff attached one amended affidavit, thus entitling the defendant leave to file a sur-reply. *Id*. Here, Cade has submitted *seven* new declarations amounting to thirty-seven new pages of factual evidence—the substance of which was completely absent from Cade's initial appendix and amended petition. Appx. at 6782–819. While striking Cade's new arguments and declarations is a possible remedy here, *Black Cat Exploration,* 2015 WL 12731751, at *3, the Director only asks for an opportunity to respond.

Cade will likely continue protesting that requiring him to present this evidence with his amended petition "would violate due process" by forcing him to "concede and proleptically reply" to waivable defenses; but he cites no controlling authority directly supporting that proposition, instead relying on

3

his own interpretations of habeas procedure. *See* Reply at 2 (citing ECF No. 64 at 10–18). In addition to being unsupported by controlling Circuit authority, the proposition is not particularly persuasive. First, Cade already indicated which claims he believed were unexhausted in his amended petition, Amd. Pet. at 42, 86, 89, 102, 111, and then cited *Martinez v. Ryan*[1] to assert cause to overcome the procedural default of those unexhausted claims. *Id.* at 42, 89, 102–03, 114 n.9. Therefore, Cade's argument that he could not "concede . . . to waivable defenses[,]" Reply at 2, is refuted by his own petition and actions. And while this Court's scheduling order permitted Cade to respond to the Director's procedural defenses in his reply, the order made explicit that this permission was not license to present new evidence. ECF No. 61 at 9–10.

There is also no reason these declarations could not have simply been obtained and filed along with Cade's original appendix. The declarations themselves contain mostly generic grievances against the management of OCFW by attorneys and investigators who worked on Cade's state habeas application. *See generally* Appx. 6782–814. Obviously, the state habeas proceedings occurred before Cade's amended federal petition was filed and the declarations have relevance to his amended petition's request to bypass his defaults under *Martinez*. To the extent they specifically reference the claims

---

[1] *Martinez v. Ryan*, 566 U.S. 1 (2012).

presently brought by Cade, they do not specifically address the Director's allegations, nor should they. A declaration is not a response to a legal pleading but is rather a recitation of facts. And the facts concerning Cade's state habeas litigation should, presumably, remain unchanged whether presented before or after the Director filed her answer. If for some reason Cade found it necessary to supplement or amend these declarations based on his review of the Director's answer, he could have sought leave of the Court to do so. In fact, he should have sought leave of Court when he filed the declarations to begin with.

And while Cade complains that addressing the Director's procedural defenses in his reply brief would also violate due process due to "the constraint of this Court's page limitation[,]" providing these declarations as part of his original appendix would not have affected his page limitations. Reply at 2. Also, Cade's arguments relying on the new declarations to rebut the Director's defense comprise less than seven-pages worth of briefing. Reply at 15, 22–23, 32–33, 41–42. Cade had an extra ten pages of briefing available in his amended petition. ECF No. 66 at 8 (giving Cade two-hundred pages to file an amended petition); ECF No. 79 (Cade filed a 190-page amended petition).

Cade has circumvented the Director's response to these material facts by improperly filing them after the State's opportunity to respond under the scheduling order. The Director only asks that this Court remedy this matter by granting leave to file a sur-reply.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this Court grant her leave to file a sur-reply to the Petitioner's reply to address his newly presented evidence and the legal arguments relying on that evidence.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

s/ Ali M. Nasser
ALI M. NASSER*
*Attorney in Charge     Assistant Attorney General
State Bar No. 24098169

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (fax)

ATTORNEYS FOR RESPONDENT

6

CERTIFICATE OF CONFERENCE

I, Ali Nasser, Assistant Attorney General of Texas, certify that I conferred with counsel for Petitioner, Tivon Schardl, by e-mail on November 18, 2019. On November 20, 2019, Mr. Schardl advised that, while he would be "open to asking the court to revisit the scheduling order so that each party has a full and fair opportunity to present their positions," he was opposed to this motion because the "remedy is not supported by the law or equities under the circumstances of this case."

s/ Ali M. Nasser<br>
ALI M. NASSER*<br>
Assistant Attorney General

CERTIFICATE OF SERVICE

I do hereby certify that on December 11, 2019, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Tivon Schardl
Federal Public Defender-Western District of Texas
Capital Habeas Unit
919 Congress Suite 950
Austin, TX 78701

Joseph Perkovich
Phillips Black, Inc.
PO Box 4544
New York, NY 10163

s/ Ali M. Nasser<br>
ALI M. NASSER<br>
Assistant Attorney General