UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:17-cv-3396-G-BN |
| | § | |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | CAPITAL HABEAS CASE |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**PETITIONER'S RESPONSE IN OPPOSITION**

**TO THE STATE'S MOTION FOR LEAVE TO FILE SUR-REPLY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

PETITIONER'S RESPONSE IN OPPOSITION ........................................... 1

I.      GOVERNING LAW .............................................................................. 2

II.     GROUNDS FOR DENYING THE MOTION ...................................... 3

    A.    The Motion Fails this Court's "Extraordinary Circumstances" Test because the Motion is Based on an Inaccurate Representation of the Scheduling Order and Other Cases .................................................... 3

        1.    The Scheduling Order Expressly Required Mr. Cade to Raise Any Arguments about Cause and Prejudice in his Reply ..................................... 3

        2.    The Cases Cited in the Motion are Inapposite ............................................. 6

    B.    The State Forfeited or Waived Objection to Being without a Reply to Mr. Cade's Arguments on Cause and Prejudice .................................................. 9

        1.    The State Unjustifiably Delayed Seeking Relief from a Procedure Clearly Laid out in the Scheduling Order .................................................... 9

        2.    The State Unjustifiably Seeks Relief from the Scheduling Order's Page Limits ............................................................................... 11

    C.    The State's Arguments are Barred by Judicial Estoppel ................................... 13

CERTIFICATE OF SERVICE ............................................................................ 19

# TABLE OF AUTHORITIES

## CASES

*Black Cat Exploration, LLC v. MWW Capital Limited,*
  2015 WL 12731751 (N.D. Tex. Apr. 29, 2015) ........................................................... 7

*Brown v. Federal Express Corporation,*
  2019 WL 1299989 (N.D. Tex. Feb. 15, 2019) ...................................................... 2, 16

*Cook v. United States,*
  2014 WL 3809052 (N.D. Tex. Jul. 31, 2014) ............................................................ 12

*Dukes v. Strand,*
  2019 WL 2567687 (N.D. Tex. Jun. 21, 2019) ............................................................. 7

*Environmental Defense Fund, Inc. v. Alexander,*
  614 F.2d 474 (5th Cir. 1980) ....................................................................................... 12

*Fisher v. Johnson,*
  174 F.3d 710 (5th Cir. 1999) ....................................................................................... 12

*Gray v. Netherland,*
  518 U.S. 152 (1996) ....................................................................................................... 8

*Green v. New Mexico,*
  420 F.3d 1189 (10th Cir. 2005) ................................................................................... 15

*Hill v. Schilling,*
  2016 WL 183635 (N.D. Tex. Jan. 15, 2016) ............................................................. 11

*Holland v. Florida,*
  560 U.S. 631 (2010) ..................................................................................................... 12

*In re Coastal Plains, Inc.,*
  179 F.3d 197 (5th Cir. 1999) ....................................................................................... 14

*In re Wakefield,*
  293 B.R. 372 (N.D. Tex. 2003) ................................................................................... 14

*Lonchar v. Thomas,*
  517 U.S. 314 (1996) ....................................................................................................... 6

*Luna v. Valdez,*
  2017 WL 4222695 (N.D. Tex. Sept. 21, 2017) ........................................................... 2

*Martinez v. Ryan,*
    566 U.S. 1 (2012) ............................................................. 5
*Monroe v. United States,*
    2013 WL 619995 (N.D. Tex. Nov. 26, 2013) ............................ 12
*Mullane v. Central Hanover Bank & Trust Co.,*
    339 U.S. 306 (1950) ......................................................... 6
*New Hampshire v. Maine,*
    532 U.S. 742 (2001) ................................................. 13, 16
*Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.,*
    2003 WL 251318 (N.D. Tex. Feb. 3, 2003) .............................. 2
*Reed v. City of Arlington,*
    650 F.3d 571 (5th Cir. 2011) ...................................... 13, 14
*Smith v. Dallas County Hosp. Dist.,*
    2014 WL 6991482 (N.D. Tex. Dec. 9, 2014) .......................... 14
*Spedag Americas, Inc. v. Bioworld Merchandising Inc.,*
    2019 WL 4689011 (N.D. Tex. Sep. 25, 2019) .......................... 7
*Underwood v. E. Texas State Univ.,*
    1998 WL 223695 (N.D. Tex. Apr. 28, 1998) ........................... 2
*Ward v. Stephens,*
    2014 WL 887440 (N.D. Tex. Mar. 6, 2014) ............................. 6
*Windsor v. Olsen,*
    2019 WL 2080021 (N.D. Tex. May 10, 2019) .......................... 11


## RULES

Fed. R. Civ. P. 15(a)(1)(B) ................................................ 1, 2, 6, 11
Fed. R. Civ. P. 15(a)(3) ......................................................... 12
Fed. R. Civ. P. 72(a) ...................................................... passim
Rules Governing § 2254 Cases in the U.S. District Courts
    Habeas Rule 2(c) ............................................................. 5
    Habeas Rule 2(d) ............................................................. 5

Habeas Rule 5(b) .................................................................................................... 8

N.D. Tex. Local Rule 7.1(f) ................................................................................... 15

N.D. Tex. Local Rule 7.5 ............................................................................. 1, 2, 8, 11

N.D. Tex. Local Rule 7.5(b) ..................................................................................... 3

## TREATISES

Black's Law Dictionary (11th ed. 2019) .................................................................. 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:17-cv-3396-G-BN |
| | § | |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutions Division, | § | CAPITAL HABEAS CASE |
| | § | |
| Respondent. | § | |

## PETITIONER'S RESPONSE IN OPPOSITION
## TO THE STATE'S MOTION FOR LEAVE TO FILE SUR-REPLY

COMES NOW Petitioner TYRONE CADE, by and through undersigned counsel, who makes the following response in opposition to the State's Motion for Leave to File a Sur-Reply (Doc. 99) ("Mot."). Without offering any grounds, the State seeks to evade the page limits of Local Rule 7.5, and the time limits of Fed. R. Civ. P. 15(a)(1)(B) and Fed. R. Civ. P. 72(a), by filing a 27-page sur-reply after filing a 155-page Answer even though the State's own filings show its counsel knew the Scheduling Order contemplated Mr. Cade having the last word on procedural defenses, and that the page limits would be cumulative. The State's delay waived its current objection to the Scheduling Order. Even if the State's arguments are considered, they fail to demonstrate extraordinary circumstances as required by this Court's cases. If the State is permitted to submit a sur-reply, its complete failure to

1

argue for a page extension means any sur-reply can be no more than 5 pages long. Accordingly, the Motion should be denied.

## I. GOVERNING LAW

"[T]he local rules of this court do not allow surreplies as a matter of course." *Underwood v. E. Texas State Univ.*, No. 3:96-cv-2739-G, 1998 WL 223695, at *1 (N.D. Tex. Apr. 28, 1998) (Fish, J.).

> Indeed, surreplies are "highly disfavored" and permitted only in "extraordinary circumstances," such as when necessary to respond to new issues, theories, or arguments raised for the first time in a reply brief. *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017); *see also Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318 at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.").

*Brown v. Federal Express Corporation*, No. 3:16-cv-01456-M (BT), 2019 WL 1299989, at *2 (N.D. Tex. Feb. 15, 2019) (Rutherford, M.J.).

Any amendment to the Answer had to be filed within 21 days of service of the Reply. Fed. R. Civ. P. 15(a)(1)(B). Any complaint about the Scheduling Order had to be raised "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Ibid.*

The availability of a sur-reply is further limited by this Court's Orders stating that Local Rule 7.5 limits the cumulative number of pages that a party may file in support of its pleadings. Order of Clarification (Doc. 57) at 2; Order (Doc. 61) at 2-3. Pursuant to this Court's construction of Local Rule 7.5, and its Scheduling Order, the length of "the answer ... *and any* supporting brief or memorandum (whether filed contemporaneously with, or

*after*, the answer), must not exceed [160] pages total." L.R. 7.5(b) (emphasis added).

## II.  GROUNDS FOR DENYING THE MOTION

### A.  THE MOTION FAILS THIS COURT'S "EXTRAORDINARY CIRCUMSTANCES" TEST BECAUSE THE MOTION IS BASED ON AN INACCURATE REPRESENTATION OF THE SCHEDULING ORDER AND OTHER CASES

#### 1.  *The Scheduling Order Expressly Required Mr. Cade to Raise Any Arguments about Cause and Prejudice in his Reply*

The State's Motion is based on the claim that the Scheduling Order prohibited Mr. Cade from presenting in the Reply the specific "'new material facts'" to which the State wishes to make a sur-reply. Mot. 2 (Doc. 99) at 2 (quoting Sched. Order (Doc. 61) at 10). The proposed sur-reply addresses evidence Mr. Cade proffered to demonstrate cause and prejudice in response to the State's assertions of procedural default. Therefore, in order for the State's Motion to have any merit, the "'new material facts'" language from the Scheduling Order must relate to arguments presented in response to the State's assertion of procedural default in the Answer. Mot. 5 (Cade's arguments on cause and prejudice "improperly" filed after Answer). However, sentences the State omitted from the Motion state that Mr. Cade was required to raise arguments about procedural default in the Reply. Consideration of those omitted sentences shows the quoted phrase refers to the merits, not procedural defenses.

The sentence the State quotes regarding what the "Reply shall not raise" specifically refers to "new claims or new material facts *in support of existing claims*." Sched. Order (Doc. 61) at 10. The State's counsel admits he is aware that the same page of the Order addressed whether the Reply should respond to procedural defenses. Mot. 4. But the State chose not

to quote that portion of the Scheduling Order. Contrary to the State's representations, the Scheduling Order did not "*permit*[] Cade to respond to the Director's procedural defenses in his reply," *ibid.* (emphasis added); it *required* that he do so. To wit:

> [] The Reply *shall respond* to Respondent's allegations regarding both procedural defenses and the merits of each enumerated claim.

> [] The Reply *shall raise any arguments concerning* the availability of state remedies, *cause and prejudice,* fundamental miscarriage of justice, or equitable tolling in response to any allegations by Respondent of procedural or timeliness bars.

Sched. Order (Doc. 61) at 10 (emphasis added). The State asserts that "the order made explicit that *this permission* was not license to present new evidence." Mot. 4 (emphasis added). But the Scheduling Order plainly distinguishes between responses to procedural defenses, which do not support any claims as such, and facts offered in support of claims. One sentence contains the requirement that Mr. Cade "shall raise any arguments concerning ... cause and prejudice" in the Reply. Another provides that the "Reply shall not raise new claims or new material facts in support of existing claims." Sched. Order (Doc. 61) at 10. The sentences expressly address different objects.[1]

Whereas the Scheduling Order specifically required Mr. Cade to "raise *any* arguments concerning" procedural defenses in the Reply, the three paragraphs of the Order

---

[1] The State's interpretation of the Scheduling Order is inconsistent with the common understanding of what it means to "raise any argument" in a legal proceeding. The two relevant sentences of the Scheduling Order use "raise" in the same way to mean "[t]o bring up for discussion or consideration; to introduce or put forward." Black's Law Dictionary (11th ed. 2019). Anything raised in either sentence is brought up or introduced as new. The State's interpretation of the Scheduling Order requires it to say, simultaneously, that Mr. Cade must bring up or introduce arguments about cause and prejudice in the Reply but not support them with evidence. That not only violates the due process requirement of a fair opportunity to be heard, as set out in the text *infra,* it makes no sense.

related to the content of the Amended Petition do not mention procedural defenses at all. The Order makes clear the Amended Petition was to "include briefing *on the merits*." Sched. Order at 8 (emphasis added). The section of the Scheduling Order related to the Amended Petition mentioned procedural defenses in only one way. Consistent with the requirements of the form appended to the Rules Governing § 2254 Cases in the U.S. District Courts ("Habeas Rules"), and Habeas Rule 2(d), the Scheduling Order required Mr. Cade to identify where his claims were exhausted. *Id.* at 9.

In foregoing respect, the Scheduling Order is consistent with habeas law, including Habeas Rule 2(c), which sets out the requirements of a petition and does not mention anything like cause and prejudice. The State cites no law, and no provision of the Scheduling Order, that suggests Mr. Cade should have addressed procedural defenses in his petition. There is no such provision or law. Accordingly, the premise of the State's argument is false.

The Answer suggests the State has long been aware that the Scheduling Order's statement regarding "new material facts" in the Reply refers to the merits of existing claims, not to cause and prejudice. In the section of the Answer that addresses *Martinez v. Ryan*, 566 U.S. 1 (2012), the State argued, "**Cade should not be allowed to bring additional evidence in his reply.**" Ans. (Doc. 82) at 40 (emphasis in original). Notably, the State did not cite the sentence of the Scheduling Order that it now claims prohibited Mr. Cade from presenting evidence supporting cause and prejudice in the Reply. *Ibid.*

The State's interpretation of the Scheduling Order would mean Mr. Cade was required to predict the State's arguments about procedural default with perfect accuracy because he was barred from presenting in his Reply evidence related to procedural defenses

he did not predict. Such an order would contravene the purpose of Habeas Rule 5(e). It also would exceed the limitation on the Court's power to act "within the constraints of due process," *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996), because it would mean Mr. Cade's opportunity to be heard came *before* he had "notice reasonably calculated, under all the circumstances, to *apprise*" him of the issue on which he was being heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (emphasis added).

The State's Motion asks this Court to change the rules *post hoc* such that Mr. Cade should have raised cause and prejudice in the Amended Petition instead of the Reply and then sought leave "to supplement or amend" the petition *again* after the State filed its Answer. Mot. 5. As discussed more fully *infra*, the State's reference to amendment is significant because it shows the State's counsel was aware that amendment is a procedure through which a party seeks to address assertions made in a responsive pleading. The State could have availed itself of that process, Fed. R. Civ. P. 15(a)(1)(B), but chose not to. For now, it suffices to repeat that the Scheduling Order explicitly directed Mr. Cade to raise cause and prejudice in the Reply. If the State wanted to object to that procedure, it was obligated to do so many months ago. *See* § II.B, *infra*.

### 2. The Cases Cited in the Motion are Inapposite

The State further elides distinctions when it claims this Court in *Ward v. Stephens*, No. 3:10-cv-2101-N, 2014 WL 887440 (N.D. Tex. Mar. 6, 2014) granted "such leave" as the State now seeks in this case despite the striking fact that *Martinez* (*supra*), was decided amidst the pleadings in that case. Mot. 2. *Ward* is distinguishable in several ways. First, it did not involve a scheduling order of any kind, and therefore did not involve one in which this Court

specifically directed the State to file an Answer that would serve as a "comprehensive responsive pleading," Sched. Order (Doc. 61) at 9, and specifically directed the petitioner to raise any arguments about cause and prejudice in the Reply, *id.* at 10. Second, in *Ward*, the State was genuinely surprised by the petitioner's cause-and-prejudice arguments because *Martinez* came down on March 20, 2012, falling between the filing of the State's answer in that case and the petitioner's reply. *Ward*, Resp't's Unopp. Mot. File Sur-Reply (ECF No. 40) at 1-2 (filed May 8, 2012). In this case, the State admits it was on notice (a) that this Court's Scheduling Order specifically provided for Mr. Cade to raise cause and prejudice arguments in the Reply, Mot. 4, and (b) that Mr. Cade, through the Amended Petition, signaled that he would raise *Martinez* arguments, Mot. 3-4.

The other cases the State relies on, *Spedag Americas, Inc. v. Bioworld Merchandising Inc.*, 3:17-cv-0926-BT, 2019 WL 4689011 (N.D. Tex. Sep. 25, 2019) (Rutherford, M.J.), *Black Cat Exploration, LLC v. MWW Capital Limited*, Civ. No. 1:15-CV-51-BL, 2015 WL 12731751 (N.D. Tex. Apr. 29, 2015), and *Dukes v. Strand*, No. 3:15-cv-3600-BT, 2019 WL 2567687 (N.D. Tex. Jun. 21, 2019), are entirely inapposite.[2] As the State concedes through its quotation from *Spedag*, Mot. 2, those cases involved *movants*—i.e. parties with the burden on an issue—raising new argument in their replies—i.e., their *secondary* filings on that issue. Here, as the State conceded previously in this case, the issue is a procedural defense that can

---

[2] The State's reliance on *Black Cat Expl. & Prod., LLC v. MWW Capital Ltd.*, No. 1:15-CV-51-BL, 2015 WL 12731751, (N.D. Tex. Apr. 29, 2015), is likewise misplaced as the court there struck the plaintiff's reply brief and appendix for, *inter alia*, exceeding the page limits and failing to conform to the Local Rules. *Id.* at 3

be raised in a motion to dismiss. *See* Resp't's Opp. Mot. Leave Exceed Pg. Limit (Doc. 96) at 4 & n.2. While the State claims Mr. Cade relies only on "his own interpretations of habeas procedure," Mot. 4, it is well established that "procedural default is an affirmative defense for the [State]" such that the State is "obligated to raise procedural default as a defense, or lose the right to assert the defense thereafter." *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). *See also* Habeas Rule 5(b). Consistent with that well-established law, the Scheduling Order directed the State to include in the Answer "any procedural defenses with respect to individual claims." Doc. 61 at 9. This Court then directed Mr. Cade to respond to those arguments in his Reply.[3]

The fact that Mr. Cade gave the State notice that he would assert ineffective assistance as cause for any alleged default did not place Mr. Cade in the position of the movants in other cases. Neither habeas corpus law, nor this Court's scheduling order, nor the standard rules governing motions practice required Mr. Cade to provide that notice. Mr. Cade provided the State *more notice* than it was entitled to as a matter of law. The State now complains that was not enough. This Court should reject the State's attempt to recast the Scheduling Order and the law to its benefit.

---

[3] In response to the State's query about whether Mr. Cade would oppose the present Motion, Mr. Cade's counsel said they would consider joining in a motion to revisit the Scheduling Order, Mot. 7, because aspects of that order are the source of the current dispute. The Scheduling Order treats the pleadings as the exclusive means by which the parties may address the merits and procedural defenses, and interprets Local Rule 7.5 as requiring that result. Mr. Cade previously argued that interpretation was wrong, and the pleadings should serve to frame the parties' positions for further litigation. The State and this Court forcefully rejected that argument. Now, the State wants the Court to reinterpret Local Rule 7.5 and the Scheduling Order to circumvent those limitations, but only for the State's benefit.

**B. THE STATE FORFEITED OR WAIVED OBJECTION TO BEING WITHOUT A REPLY TO MR. CADE'S ARGUMENTS ON CAUSE AND PREJUDICE**

The State's Motion seeks relief from two aspects of the Scheduling Order, its procedure for raising and responding to procedural defenses, and its page limits. Mr. Cade addresses each form of relief in turn. As to each objection, though, the State's Motion is untimely. Any complaint about the Scheduling Order's procedure for addressing procedural defenses had to be raised "within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Ibid.*

The Scheduling Order achieved an equitable balance that the State previously endorsed. By requiring that the Answer be comprehensive and precluding the State from raising procedural defenses in a motion to dismiss, the Order denied the State the last word on procedural defenses at the same time it limited the pages available for Mr. Cade to address cause and prejudice and miscarriage of justice: each party gave up something in the interest of procedural efficiency. Now that Mr. Cade's Reply has been filed, the State seeks to upset that balance by filing a lengthy sur-reply, as though it had filed a motion to dismiss, something the Scheduling Order expressly precludes. But now it is too late because Mr. Cade's opportunity to respond has already been limited.

**1. *The State Unjustifiably Delayed Seeking Relief from a Procedure Clearly Laid out in the Scheduling Order***

The State's argument is that Mr. Cade should have raised cause and prejudice in the Petition, and that by leaving those arguments to the Reply, he deprived the State of an opportunity to be heard. Mot. 5. The Scheduling Order and the State's own filings show the State's cry of surprise to be disingenuous, and, therefore, its motion is untimely.

9

The Scheduling Order specified that the State was required to raise procedural defenses in the Answer, not in a motion to dismiss. Sched. Order (Doc. 61) at 9. The Order also specifically required that Mr. Cade's Reply "respond to Respondent's arguments regarding ... procedural defenses," and more specifically required that the Reply "raise any arguments concerning ... cause and prejudice ... in response to any allegations ... of procedural ... bars." *Id.* at 10. The State demonstrated in an earlier filing that its counsel was aware that the procedure specified in the Scheduling Order deprived the State of the right of reply regarding cause and prejudice. Resp't's Opp. Mot. Leave Exceed Pg. Limit (Doc. 96) at 4 & n.2. The State argued Mr. Cade should not receive additional pages for his Reply because the Scheduling Order precluded the State from having the last word on procedural defenses.[4] *Ibid.* Now, the State wants to be in the position it would have been in if the Court had not expressly precluded a motion to dismiss.

The State was on notice as of January 28, 2019, that the Scheduling Order gave it no procedural mechanism for addressing Mr. Cade's arguments about cause and prejudice. The State had fourteen days to object to that procedure. Its failure to do so bars the relief sought in the present Motion. Fed. R. Civ. P. 72(a).

By repeatedly affirming the correctness of the procedure set out in the Scheduling Order,[5] knowing it would deny the State the opportunity to reply, and capping its cumulative

---

[4] *See also* Ans. 39-42 (addressing "Cade's ineffective assistance of habeas counsel ('IAHC') claims"); Resp't's Opp. Mot. Leave Exceed Pg. Limit (Doc. 96) at 4 & n.2 (specifically recognizing lack of opportunity to reply).

[5] Resp't's Opp. Mot. Clarification (Doc. 59); Resp't's Opp. Pet'r's Mot. Stay & Objs. (Doc. 65); Resp't's Opp. Mot. Exceed Pg. Limit (Doc. 96).

10

total pages for pleading at 160, the State affirmatively waived any complaint about the conditions from which it now seeks relief. Fed. R. Civ. P. 72(a); *Hill v. Schilling*, 3:07-CV-2020-L, 2016 WL 183635, at *6 (N.D. Tex. Jan. 15, 2016); *Windsor v. Olsen*, 3:16-CV-934-L, 2019 WL 2080021, at *6 (N.D. Tex. May 10, 2019).

### 2. *The State Unjustifiably Seeks Relief from the Scheduling Order's Page Limits*

This Court *and the State* previously and repeatedly emphasized that Local Rule 7.5 would govern the pleadings in this case. That rule makes no provision for sur-replies, but does cap the cumulative total number of pages available for each party's pleadings. That cumulative cap was the subject of contention before the Scheduling Order provided that the Answer must be "a *comprehensive* responsive pleading." Doc. 61 at 9 (emphasis added).

Rule 15 of the Federal Rules of Civil Procedure provided the State a remedy from the surprise it presently complains of. By requiring that the Reply respond to the State's procedural defenses, the Scheduling Order and Habeas Rule 5(e) made the Answer a "pleading ... to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). Therefore, the State had the right to file an amended answer "21 days after service of" the Reply. *Ibid.* The State forfeited that right by failing to file in time, and now seeks relief from that forfeiture without any justification or explanation.

If the State had availed itself of the right to amend the Answer, the State would have been limited to the 160 pages allowed by the Scheduling Order. Doc. 61 at 9. The Answer is 155 pages long. Doc. 82. This Court has repeatedly emphasized that under Local Rule 7.5 the page limit is cumulative of briefing filed "after" the petition or answer. Therefore, the

11

State has 5 pages available for any sur-reply.

Allowing the State to file its proposed 27-page sur-reply would amount to changing the rules after the game is underway solely to benefit one team at the expense of the other. If the State had followed the rules and amended the Answer, Mr. Cade would have had the right to respond. Fed. R. Civ. P. 15(a)(3).[6] If the State had been granted the additional 22 pages it currently seeks, then, presumably, the State's previous objection to Mr. Cade filing a 60-page reply would have been overruled. *See* Order filed Nov. 8, 2019 (Doc. 97). Whereas the Scheduling Order achieved an equitable balance, allowing the State additional pages *and* the last word after Mr. Cade's Reply was limited would grant a windfall to a dilatory party.

"[E]quitable principles have traditionally governed the substantive law of habeas corpus." *Holland v. Florida*, 560 U.S. 631, 646 (2010) (internal quotation marks and citations omitted). The State is seeking an equitable remedy here. But "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoted with alterations as shown here in *Monroe v. United States*, 3:13-CV-2546-G, 2013 WL 619995, at *3 (N.D. Tex. Nov. 26, 2013) (Fish, J.).[7] The State has been dilatory; it delayed seeking relief from the Scheduling Order until it had successfully enforced that order against Mr. Cade using arguments inconsistent with its current position.

---

[6] If the State's argument were valid, Mr. Cade would have been required to raise cause and prejudice in the Amended Petition, and the State would have been limited to 160 pages.

[7] *See also Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980) (discussing laches); *Cook v. United States*, 3:14-CV-1557-G, 2014 WL 3809052, at *2 (N.D. Tex. Jul. 31, 2014) (Fish, J.) (discussing due diligence required for equitable tolling of habeas statute of limitations).

The Motion should be denied.

## C.  THE STATE'S ARGUMENTS ARE BARRED BY JUDICIAL ESTOPPEL

The State argues it has been denied a fair opportunity to respond to Mr. Cade's declarations and chides Mr. Cade for "complain[ing] that addressing the Director's procedural defenses in his reply brief would also violate due process due to 'the constraint of this Court's page limitations.'" Mot. 5. Yet the State has aggressively pursued curtailed proceedings in this Court regardless of the impact on fairness. The State aggressively opposed all but one of Mr. Cade's motions for page extensions, and was successful half the time. Simultaneously, the State (a) sought to limit the pages in which Mr. Cade could present facts and argument that are, at least arguably, appropriate for a petition and supporting memorandum, Resp't's Opp. Pet'r's Obj. (Doc. 65) at 6-7; (b) argued that Mr. Cade should be forced to use those limited pages to argue things that the law does not require for a petition and supporting brief, *id.* at 7-8, and; (c) attempted to take advantage of those limitations and argued for the additional limitation that Mr. Cade should not be allowed to address in his Reply, arguments first presented in the Answer. Ans. 39-40.

Mr. Cade does not oppose the State's Motion merely because the State opposed his motions. Courts uniformly recognize the need to limit a party's ability to take inconsistent positions in order "to protect the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). To that end, courts have created the doctrine of judicial estoppel, which should be applied here.

> "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573–

> 74 (5th Cir. 2011) (en banc) (citation omitted). The purpose of this
> doctrine "is to protect the integrity of the judicial process, by preventing
> parties from playing fast and loose with the courts to suit the exigencies
> of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003)
> (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)
> (internal quotation marks and brackets omitted).

*Smith v. Dallas County Hosp. Dist.*, 3:13–CV–0792–G, 2014 WL 6991482, at *3 (N.D.

Tex. Dec. 9, 2014) (Fish, J.). The record before this Court shows the State changing positions

purely out of self-interest.[8]

The State's justification that the declarations appended to the Reply constitute new

material evidence is further proof that self-interest, not equitable fairness, guides the State's

argumentative pivots. For instance, the State alleges Mr. Cade has filed "new material facts"

within his reply, Mot. 1, and this presentation of new evidence violates both "fairness" and

this Court's scheduling order. *Id.* at 2. Only two pages later, the State contends these

declarations should have been obtained and filed with the initial or amended petitions as

they contain mostly "generic grievances," *id.* at 4, and are only a recitation of facts. *Id.* at 5.

To summarize the State's position, the declarations filed by Mr. Cade in the appendix to the

Reply are both "new material facts" deserving of a sur-reply, yet also repetitive of factual

support that Mr. Cade relied upon in prior pleadings.[9] Thus, accepting the State's inconstant

argument as valid, a sur-reply is unnecessary, as Mr. Cade presented no new material facts

---

[8] "Judicial estoppel applies when '(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.'" *Smith*, at *3 (quoting *Reed*, 650 F.3d at 574).

[9] The State suggests it was improper for Mr. Cade to file the declarations within the appendix to the Reply without first seeking leave from this Court to do so. Doc. 99 at 5. This is an incorrect reading of the Local Rules governing motion practice in the Northern District, as there is no motion for leave requirement within LR 7.1(i), which speaks to appendices.

that deserve the State's response. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) ("'Material,' for purposes of [the sur-reply] framework, includes both new evidence and new legal arguments.") (internal citations omitted.)

The State's position that it should have the right to reply plainly contradicts its previous support for the Scheduling Order. As the State observed in opposing Mr. Cade's Motion for Leave to file a reply of sixty pages, this Court's scheduling order directed that the Answer be filed "'*in lieu of* motions for summary judgment and motions to dismiss.'" Opp. Mot. Leave (Doc. 96) (quoting with emphasis Order (Doc. 61) at 9). That put the State at a disadvantage because, as the State also observed, had the Court permitted a motion to dismiss, the State would have had an opportunity to file a reply to Mr. Cade's response. *Id.* at 4 n.2 (citing L.R. 7.1(f)). The State was aware of this problem at least as early as the Amended Petition, and as late as the drafting of the Answer when it purported to "reserve the right to argue ... in future pleadings" that items of evidence are barred from consideration. Ans. 44. But the State's opposition to Mr. Cade's motion for additional pages shows the State chose, for reasons of self-interest, not inadvertence, to support that procedure.

The District Judge accepted the State's argument that the Scheduling Order was correct in all its requirements. Order (Doc. 66). The Magistrate Judge accepted the State's contention that Mr. Cade's arguments for a sixty-page reply should be rejected in part because the Scheduling Order provided for no motion to dismiss, and hence no reply. Order (Doc. 97).

Besides the criteria for judicial estoppel set out in *Reed*, another "consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage

15

or impose an unfair detriment on the opposing party if not estopped." *New Hampshire*, 532 U.S. at 751. Here, the State would obtain several unfair advantages if not estopped.

First, the State would be relieved of the waiver that Fed. R. Civ. P. 72(a) imposes for the failure to raise a timely objection to the Scheduling Order. If the Motion is granted, the sur-reply will serve precisely the same function as a reply to a motion to dismiss. The Scheduling Order specifically precluded that process, and the State vigorously supported the Scheduling Order over Mr. Cade's objections.

Second, granting the State's Motion would countenance responding parties ignoring the mechanism provided for in Rule 15(a)(1)(B), which does not require judicial intervention, and would encourage instead motions to file sur-replies. But this Court's cases hold that sur-replies are highly disfavored. *Brown v. Federal Express Corporation*, No. 3:16-cv-01456-M (BT), 2019 WL 1299989, at *2 (N.D. Tex. Feb. 15, 2019) (Rutherford, M.J.).

Third, had the State agreed earlier that procedural defenses should be raised through the process of a motion to dismiss, response, and reply, Mr. Cade would have had the same number of pages for responding to the defenses that the State had for raising them. L.Rs. 7.1(d) & 7.2(c). Instead, the State has had one hundred and fifty five pages in which to raise its defenses and Mr. Cade has had only fifty pages in which to respond.

The State's change of position is likely to call into question the integrity of these proceedings. In rejecting Mr. Cade's Motion for Clarification, this Court repeatedly emphasized that, given the Scheduling Order and the usual practice in this Court, Mr. Cade should not have contemplated the opportunity to brief his grounds for relief "*after* the amendment of the petition following discovery and the assistance of experts, *after* the filing

16

of the response, and *after* an opportunity to litigate any procedural and affirmative defenses raised by Respondent." Order (Doc. 61) at 4 (emphasis in original). Yet, the State is requesting just such a process. This Court "d[id] not accept Cade's claim that he could not have anticipated having to include briefing in the 160 pages he requested for his Petition." *Id.* at 6. Given the paucity of litigation and communication between the Court and the parties before Mr. Cade's filing, and the conclusive evidence that the State did anticipate that it would not be permitted to file a sur-reply, were this Court to relieve the State of its waiver, it would appear to apply a double standard.

WHEREFORE, this Court should find the State's Motion fails to present extraordinary circumstances, is not timely, is barred by judicial estoppel, is otherwise not well-founded, and should be denied. If this Court grants any form of relief, it should limit the State to the 5 pages remaining in the allotment established by the Scheduling Order.

DATED:  December 23, 2019.           Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

*/s/Tivon Schardl*
TIVON SCHARDL
Capital Habeas Unit Chief
FL Bar No. 73016
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)
Tivon_Schardl@fd.org

*/s/ Joseph J. Perkovich*
JOSEPH J. PERKOVICH

Co-Counsel for Petitioner
Phillips Black, Inc.
PO Box 2171
New York, NY 10008
(212) 400-1660 (tel.)
j.perkovich@phillipsblack.org

Attorneys for Petitioner Tyrone Cade

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December 2019, I electronically filed the foregoing Petitioner's Response in Opposition to the State's Motion for Leave to File a Sur-Reply with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. L.R. 5.1(d)

*/s/ Tivon Schardl*
Tivon Schardl

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:17-cv-3396-G-BN |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# O R D E R

On this date came on to be considered Respondent's Motion for Leave to File a Sur-Reply.

The Court, after considering same, is of the opinion that said motion is not well taken and

should be DENIED.  IT IS SO ORDERED.


Signed this _____ day of _____ 2019.


_____
HON. REBECCA RUTHERFORD
United States Magistrate Judge