IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-3396-G-BT |
| | § | |
| LORIE DAVIS, Director, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Respondent has filed an opposed motion (ECF No. 99) requesting permission to file a surreply to address new evidence attached to Petitioner's reply brief. Respondent's motion is **GRANTED**.

Petitioner filed his reply brief (ECF No. 98) on November 12, 2019, and attached several exhibits, including lengthy excerpts from pleadings in three state habeas corpus proceedings and executed and unexecuted statements from seven individuals apparently prepared in November 2019. These exhibits raise new factual and legal issues, both substantive and procedural, most of which have never been presented to any court. For instance, Petitioner's exhibits address the conduct of Petitioner's state habeas counsel and purportedly present wholly new mitigating evidence not presented during Petitioner's capital murder trial. Respondent's motion for leave to file a surreply is accompanied by Respondent's proposed 22-page surreply (ECF No. 99-1).

Petitioner correctly notes that he is entitled to "the last word." *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003) ("The purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard."). Surreplies are generally disfavored and permitted only in "'extraordinary circumstances.'" *Brown v. Fed. Express Corp.*, 2019 WL 1299989, at *2 (N.D. Tex. Feb. 15, 2019). Courts often find extraordinary circumstances where, as here, a surreply is "necessary to respond to new issues, theories, or arguments raised for the first time in a reply." *Id.* (citing *Luna v. Valdez*, 2017 WL 4222695, at *6 (N.D. Tex. Sept. 21, 2017); *Racetrac Petroleum*, 2003 WL 251318, at *18 ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage.")). Because the lengthy exhibits attached to Petitioner's reply brief raise many new procedural and substantive issues, which no court has yet addressed, the Court will permit Respondent to file a relatively brief surreply rather than strike Petitioner's 167-pages of exhibits presented to this Court for the first time. *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) ("[W]here a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them."); *see also Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) (citation omitted) (emphasis added) ("[T]he court *can* decline to consider an argument raised for first time in a reply brief.").

Prohibiting Respondent from responding to Petitioner's new exhibits would be inconsistent with the Federal Rules of Civil Procedure and the Rules Governing Section 2254 Cases, which disfavor surprise. Petitioner's arguments to the contrary, including his suggestion that Respondent waived the right to respond to Petitioner's new evidence by failing to anticipate his procedural arguments premised on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), are unpersuasive. Accordingly, the Clerk is directed to file Respondent's Surreply (ECF No. 99-1) as a separate docket entry filed as of today's date.

Because Petitioner is entitled to the final word, however, he may file a final reply—limited solely to addressing Respondent's arguments directed to the new evidence in Petitioner's reply. The Court ORDERS the parties to confer upon an appropriate length for Petitioner's final reply and a date by which it must be filed.

**SO ORDERED**.

January 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE