UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYRONE CADE, ) | |
| ) | |
| PETITIONER, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:17-CV-3396-G-BT |
| BOBBY LUMPKIN, Director, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The matters before the court are (1) Petitioner's motion for stay and abeyance, filed December 18, 2019 (docket entry 100), (2) Respondent's response to the motion for stay and abeyance, filed January 8, 2020 (docket entry 104), (3) Petitioner's reply to Respondent's response, filed January 22, 2020 (docket entry 107), (4) the Magistrate Judge's Findings, Conclusions, and Recommendation, filed July 2, 2020 (docket entry 117), and (5) Petitioner's objections to the Magistrate Judge's FCR, filed July 20, 2020 (docket entry 118). For the reasons discussed below, this Court will accept the Magistrate Judge's Findings, Conclusions, and Recommendation that Petitioner's motion for stay and abeyance be granted and this cause be stayed to permit Petitioner's return to state court to exhaust state remedies on all claims Petitioner has included in his first

amended federal habeas corpus petition (docket entry 79), as supplemented by Petitioner's subsequent pleadings, *i.e.*, docket entries 102 & 114.

A District Court has discretion to stay its proceedings to permit a petitioner to exhaust a claim in state court if it finds good cause for a petitioner's failure to exhaust a claim that is not plainly meritless and where the petitioner has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner requested a stay to allow him to return to state court and exhaust state habeas remedies on five identified claims. The Magistrate Judge correctly concluded that the Texas legal landscape surrounding Petitioner's *Atkins* claim was sufficiently confusing and ambiguous throughout the time frame that Petitioner litigated his initial state habeas corpus proceeding as to warrant permitting Petitioner to return to the state courts to litigate his *Atkins* claim now that the Supreme Court's decisions in *Moore v. Texas*, 37 S. Ct. 1039 (2017) (*Moore I*), and *Moore v. Texas*, 139 S. Ct. 666 (2019) (*Moore II*), have clarified that legal landscape. In so finding, the Magistrate Judge implicitly concluded Petitioner's *Atkins* claim is not plainly without merit. Neither party appears to disagree with the Magistrate Judge's findings or conclusions in this regard.

The Magistrate Judge's conclusions that Petitioner's remaining claims might not independently warrant a stay and abeyance in this cause are effectively rendered moot by her recommendation that Petitioner be directed to exhaust available state remedies on *all* of the claims Petitioner has asserted in his first amended petition for federal habeas corpus relief. In so recommending, the Magistrate Judge effectively suggested a

procedure under which all issues regarding whether any of Petitioner's claims in his first amended petition have previously been exhausted in the state courts will be rendered moot. By permitting Petitioner an opportunity to exhaust available state remedies on all of his claims for federal habeas corpus relief currently before this Court, the Magistrate Judge has suggested a way to avoid the type of intentionally dilatory tactics the Supreme Court abjured in *Rhines.* The Court will accept the Magistrate Judge's recommendation and direct Petitioner to exhaust available state remedies on all of the claims he has presented to this Court in his latest operative pleading, as well as all factual theories and all evidence supporting those claims. Petitioner's objections to the Magistrate Judge's findings, conclusions, and recommendation will, therefore, be overruled.

Under the AEDPA, the proper place for the factual development of a federal habeas corpus petitioner's federal constitutional claims is the state courts. *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Hernandez v. Johnson*, 108 F.3d 554, 558 n.4 (5th Cir. 1997).

It is hereby ORDERED that:

1. Petitioner's objections to the Magistrate Judge's findings, conclusions, and recommendation, filed July 20, 2020 (docket entry 118), are OVERRULED.

2. The Magistrate Judge's findings, conclusions, and recommendations, filed July 2, 2020 (docket entry 117), are ADOPTED as set forth below.

3. Petitioner's motion for stay and abeyance, filed December 18, 2019 (docket

entry 100), is GRANTED as set forth below.

    4.  These proceedings are STAYED while Petitioner pursues state habeas remedies in accordance with the recommendation and this memorandum opinion and order as set forth below.

    5.  On or before sixty days from this date, Petitioner shall (a) file in the appropriate state court his application for leave to file a second or subsequent state habeas corpus application, (b) include in his second or subsequent state habeas corpus application all of the claims that he wishes this federal court to consider in ruling on his petition for federal habeas corpus relief (including all claims contained in Petitioner's first amended federal habeas corpus petition) and all of the factual allegations supporting those same claims that he wishes to raise in this court, and (c) fairly present the state court with all of the evidence supporting his claims for federal habeas corpus relief that he wishes this court to consider in ruling on his claims for federal habeas corpus relief.

    6. Unless Petitioner obtains the sought relief in state court, Petitioner shall return to this Court within forty-five days after he has exhausted his state court remedies and file a motion to reopen this case.

    7.  If relief is granted by the state court, the Respondent shall promptly notify this Court and if such grant of relief causes the remaining claims contained in Petitioner's first amended federal habeas corpus petition to become moot, then these proceedings will be dismissed.

    8.  If Petitioner fails to comply with this memorandum opinion and order, these

proceedings will be dismissed.

9.  The Clerk is directed to administratively close this case for statistical purposes but nothing in this memorandum opinion and order shall be construed as a final dismissal or disposition of this case.

10.  This case shall be reopened upon proper motion filed in accordance with the provisions of this memorandum opinion and order.

**SO ORDERED**.

August 19, 2020.

*A. Joe Fish*
A. JOE FISH
Senior United States District Judge