IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | No. 3:17-CV-3396-G-BT |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

<u>NEW SCHEDULING ORDER</u>

Petitioner Tyrone Cade filed this federal habeas corpus action challenging his capital murder conviction for capital murder and his sentence of death. The Court previously stayed this case to permit Cade to return to state court and fully litigate several unexhausted claims (ECF no. 119).   On March 31, 2021, the Texas Court of Criminal Appeals dismissed Cade's subsequent state habeas corpus application. *Ex parte Cade*, WR-83,274-03, 2021 WL 1202479 (Tex. Crim. App. Mar. 31, 2021).

Accordingly, it is hereby ORDERED that:

1.   <u>Amended Petition</u>. On or before 90 days from the date of this Order, Cade shall file and serve on Respondent's counsel of record a second amended petition for federal habeas corpus relief setting forth all remaining claims Cade wishes this Court to consider in this cause. Cade shall accompany his amended petition with unsealed copies of any and all documents he wishes this Court to consider in ruling on his federal habeas claims. Cade need not include any documents which have already been made a part of the record in Cade's trial, direct appeal, or state habeas corpus proceedings. Instead, the Court will direct Respondent to submit a complete copy of all relevant state court records.

Cade's second amended petition shall (1) comply in all respects with Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* and (2) set forth the factual and legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that Cade wishes this Court to consider in connection with his capital murder conviction and sentence of death.

2.   <u>Respondent's Answer</u>. Respondent shall file his answer to Cade's second amended federal habeas corpus petition or other responsive pleading on or before 90 days after receipt of a copy of Cade's second amended federal habeas corpus petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and Rule 12 of the Federal Rules of Civil Procedure. Respondent shall serve Cade's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b) of the Federal Rules of Civil Procedure.

3.   <u>Exhaustion and Procedural Bar Issues</u>. Respondent shall clearly and directly respond to the issue of whether Cade has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Cade's second amended federal habeas corpus petition. If Respondent denies that Cade has exhausted available state remedies with regard to each ground for federal habeas corpus relief set forth in Cade's second amended petition, Respondent shall explain, in detail, those state remedies still available to Cade with regard to each such unexhausted claim. In the event that Respondent wishes to assert the defense that Cade has procedurally defaulted on any ground for relief contained in Cade's second amended federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of Cade's grounds for relief Respondent contends are procedurally defaulted from

2

consideration by this Court. Regardless of whether Respondent asserts a defense of procedural default, the court would appreciate receiving Respondent's views on the merits of any such allegedly procedurally defaulted claims.

4.   Abuse of the Writ. In the event Respondent wishes to assert the defense that Cade has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of Cade's grounds for relief herein were either included in a prior federal habeas corpus petition or could, with the exercise of due diligence on Cade's part, have been included in an earlier federal habeas corpus petition filed by Cade.

5.   Second or Successive Petition. In the event Respondent wishes to assert the defense that this is a second or successive federal habeas corpus petition filed by Cade attacking the same state criminal judgment and that Cade has failed to comply with the requirements of Title 28 U.S.C. §2244, Respondent shall explicitly assert that defense.

6.   Limitations. In the event that Respondent wishes to assert the defense that Cade has failed to file any claim in his second amended federal habeas corpus petition within the one-year statute of limitations set forth in Title 28 U.S.C. §2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period applicable to Cade's second amended federal habeas corpus petition began to run and all time periods, if any, during which that limitations period was tolled.

7.   State Court Records. On or before 30 days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Cade's state trial, direct appeal, and state habeas corpus proceedings that have not already been filed in this cause. In the event that Cade asserts a claim or claims for relief premised upon alleged violations of the rule announced in

*Batson v. Kentucky*, 476 U.S. 79 (1986), Respondent shall include copies of all juror questionnaires answered by any and all members of the jury venire from which Cade's petit jury was selected.

8. <u>Petitioner's Reply</u>. On or before 30 days after the date Respondent serves Cade's counsel of record with a copy of Respondent's answer or other responsive pleading, Cade shall file with the Clerk of this Court *and* serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

9. <u>Extensions</u>. Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension *prior* to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

10. <u>Counsel's Obligations</u>. Cade is advised that his court-appointed counsel is not required to accept collect telephone calls from Cade or any person acting on Cade's behalf and that said counsel is not required to expend said counsel's own funds to investigate any claim or potential claim in this cause.

11. <u>Local Rules</u>. All pleadings, motions, and other documents filed in this cause shall conform in all respects to this Court's Local Rules.

12. <u>Case Reopening</u>. The Clerk shall administratively re-open this cause.

13. <u>Service</u>. The Clerk shall transmit a copy of this Order to Cade via first class mail.

SIGNED April 12, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4