UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| TYRONE CADE, § | |
| § | |
| Petitioner, § | |
| § | CAUSE NO. 3:17-CV-3396-G-BN |
| v. § | |
| § | |
| BOBBY LUMPKIN, Director, Texas § | |
| Department of Criminal Justice, Crim- § | CAPITAL HABEAS CASE |
| inal Institutions Division, § | |
| § | |
| Respondent. § | |

**PETITIONER'S OPPOSED MOTION FOR ADDITIONAL PAGES**

TO THE HONORABLE REBECCA RUTHERFORD, UNITED STATES MAGIS-
TRATE JUDGE:

Petitioner Tyrone Cade, by and through his undersigned counsel, and pursu-
ant to his rights under the First Amendment, the Due Process Clause of the Fifth
Amendment, and 28 U.S.C. § 2254(a), moves this Court to lift the page limit contained
in Local Rule 7.5 so Mr. Cade may file a second amended petition that is no more
than 325 pages long. That length is necessary so that Mr. Cade's post-exhaustion
operative pleading will follow this Court's prior orders indicating the petition should
include all factual and legal theories that Mr. Cade presented to the state court. This
Motion is based on the files and records in this case and the following points and
authorities.

In adopting the Magistrate Judge's recommendation that Mr. Cade be required
to present the state court with claims that Mr. Cade did not seek leave to exhaust,

this Court explained that the Court's intention was to require exhaustion of "all claims … as supplemented by … subsequent pleadings." Order, ECF No. 119, at 1-2. Mr. Cade's First Amended Petition is 190 pages long.[1] ECF No. 79. In response to the State's assertions of procedural and other affirmative defenses, Mr. Cade also filed a reply of 50 pages. ECF No. 50. The State was permitted to file a sur-reply, to which this Court permitted Mr. Cade to file a "final reply" of no more than 22 pages, Order, ECF No. 113, of which Mr. Cade used 18 pages. ECF No. 114.

This Court directed that Mr. Cade present the state court with "all of the claims he has presented to this Court in his latest operative pleading, as well as all factual theories and all evidence supporting those claims." Order, ECF No. 119, at 2. This Court's orders indicate the Court wanted the state courts to have an opportunity to consider "all factual and legal theories" that Mr. Cade contends support his claims, Order, ECF No. 121, at 1, so that, if Mr. Cade returned to federal court, this Court would have before it the same factual and legal assertions the state court considered.

With that understanding, Mr. Cade filed in the state courts a subsequent habeas application 364 pages long (in 14-point font), and included all the legal theories and factual averments of the first amended petition, reply, and "final reply" that bear on the constitutional standards under which Mr. Cade seeks relief, and the legal theories and factual averments relevant to the procedural standards for review common to Texas law and federal law. Mr. Cade also added and subtracted allegations and

---

[1] This Court authorized Mr. Cade to file an amended petition of no more than 200 pages. Order, ECF No. 66, at 8.

legal arguments related to some claims and incorporated by specific reference the allegations of some claims into other claims.

This Court explained that requiring Mr. Cade to present all his factual and legal theories to the state court would render moot all issues regarding exhaustion. Order, ECF No. 119, at 2-3. After the state court refused to consider Mr. Cade's subsequent habeas application, this Court directed him to "file … a second amended petition for federal habeas corpus relief setting forth all remaining claims Cade wishes this Court to consider in this cause."[2] Order, ECF No. 122, at 1. It is Mr. Cade's understanding that this Court's orders regarding exhaustion and amendment envisioned that Mr. Cade's post-exhaustion amendment should replicate the allegations and argument that Mr. Cade presented to the state courts. *See* Order, ECF No. 119, at 3 (directing Mr. Cade to include all claims he wishes this Court to consider "and all of the factual allegations supporting those same claims that he wishes to raise in this court").[3] If Mr. Cade must alter the claims he presents to this Court, it may

---

[2] The post-exhaustion order directs Mr. Cade to "accompany his amended petition with unsealed copies of any and all documents he wishes this Court to consider in ruling on his federal habeas claims." Order, ECF No. 122, at 1. Mr. Cade understands this provision to refer to all documents presently available to him, and not to foreclose the possibility of discovery, record expansion, or an evidentiary hearing under Rules 6, 7, and 8 of the Rules Governing § 2254 Cases in the District Courts, respectively.

[3] Although it was not clear whether procedural issues were included in this Court's order, due to this Court's threat of dismissal if Mr. Cade did not comply, Order, ECF No. 119, at 3-4, Mr. Cade included allegations and evidence relevant to procedural issues that were not clearly covered by Texas law.

undermine this Court's stated goal of "avoid[ing] a plethora of procedural problems once Cade return[s] to this court."[4] Order, ECF N. 121, at 2.

This Court's post-exhaustion order also effectively lifted application of Local Rule 5.4 and Miscellaneous Order No. 13, and required that Mr. Cade exceed the requirements of Rule 2(c) of the Rules Governing § 2254 Cases in the District Courts ("Habeas Rules"), by requiring that Mr. Cade "set forth the … legal basis for all grounds for federal habeas corpus relief under Title 28 U.S.C. §2254 that Cade wishes this Court to consider." Order, ECF No. 122, at 1. Local Rule 5.4, Miscellaneous Order No. 13, and the instructions in the form appended to Habeas Rule 2 tell habeas petitioners not to cite or argue law.[5]

For Mr. Cade's second amended petition to include the same allegations and legal theories that he presented to the state courts, the pleading will be approximately 325 pages long.

Mr. Cade seeks a full and fair opportunity to present his claims for relief, and to respond to the State's defenses against those claims in a manner sufficient to be

---

[4] To be clear, as Mr. Cade stated in his objections to the exhaustion order, Mr. Cade believes the order will lead to procedural problems.

[5] *See Bounds v. Smith*, 430 U.S. 817, 824 (1977) ("a habeas corpus petition … need only set forth facts giving rise to the cause of action …"); *Johnson v. Puckett*, 929 F.2d 1067, 1070 (5th Cir. 1991) ("Traditionally, a petition need only 'allege the facts concerning the applicant's commitment or detention;' it need not plead the law."), *cert. denied*, 502 U.S. 898 (1991) (footnotes and citations omitted); *Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) ("No statute or rule requires that a petition identify a legal theory or include citations to legal authority."); Habeas Rule 2(c); Local Rule 5.4; Misc. Order No. 13.

fully heard and to preserve issues for any appeal. *See Maverick Recording Co. v. Harper*, 598 F.3d 193, 198 (5th Cir. 2010).

Congress has mandated that federal courts "shall entertain" claims by a person in custody pursuant to a state court judgement alleged to have been rendered in violation of the Constitution. 28 U.S.C. § 2254(a). In § 2254(a), "Congress has demonstrated its solicitude for the vigor of the Great Writ." *Johnson v. Avery*, 393 U.S. 483, 485 (1969). Through statutes such as the Antiterrorism and Effective Death Penalty Act, the Habeas Rules (as amended since AEDPA's enactment), and case law, "Congress, the Rule writers, and the courts have developed more complex procedural principles that regularize" habeas corpus review. *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996). These procedures "reduce uncertainty, avoid unfair surprise, minimize disparate treatment of similar cases, and thereby help all litigants, including the State, whose interests in 'finality' such rules often further." *Id.* at 324. Pursuant to those rules, "if the district court lacks authority to directly dispose of the petition on the merits" under Habeas Rule 4, "it would abuse its discretion by attempting to achieve the same result indirectly" through procedural means. *Id.* at 320 (for instance, by denying stay before considering a first petition).

In addition to his statutory right to present claims of constitutional error, Mr. Cade has a First Amendment right of access to the courts. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) (citing *Johnson*, 393 U.S. at 485). The First Amendment's Petition Clause creates "a facilitative right to bring a suit without official impediment." *Hinds v. Dallas Indep. Sch. Dist.*, 188 F. Supp. 2d 664,

673 (N.D. Tex. 2002) (citing Fifth Circuit authorities that in turn cite Supreme Court cases). The Petition Clause ensures "that a citizen has the opportunity to exercise his or her legal rights to present a cognizable claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief.'" *Hinds*, 188 F. Supp. 2d at 673 (quoting *Foster v. City of Lake Jackson,* 28 F.3d 425, 430 (5th Cir. 1994) (in turn quoting *Crowder v. Sinyard,* 884 F.2d 804, 814 (5th Cir. 1989), *cert. denied,* 496 U.S. 924 (1990)).

Thus, a prisoner's right to petition for a writ of habeas corpus "may not be denied or obstructed," *Johnson*, 393 U.S. at 485, in such a way that "possibly valid constitutional claims will never be heard in any court." *Id.* at 487. In other words, when a prisoner seeks review of constitutional claims by habeas corpus, "post-conviction proceedings must be more than a formality." *Id.* at 486. Applying Local Rule 7.5 to preclude Mr. Cade from pleading in federal court the claims he was compelled to file in state court—and that the state court refused to hear—while also meeting this Court's requirement for legal argument, would create an unconstitutional impediment to Mr. Cade's valid constitutional claims and render the post-conviction proceeding a formality.

While the First Amendment right to petition courts for redress of claims applies to common law, statutory and constitutional claims, under § 2254(a), as applicable to this case, the focus is on the Constitution. Accordingly, federal habeas procedures must not "violate the spirit, and perhaps the letter, of *Simmons v. United States*, 390 U.S. 377, 394 (1968)," *Bittaker v. Woodford*, 331 F.3d 715, 723-724 & n.7

(9th Cir. 2003) (en banc), by requiring that one constitutional right be "surrendered in order to assert another." *Simmons*, 390 U.S. at 374.

Mr. Cade recognizes that "First Amendment rights may not be used as the means or the pretext for achieving 'substantive evils' … which the legislature has the power to control," *California Motor Transp.*, 404 U.S.at 515, and that this Court has the authority to adopt and enforce rules that are not inconsistent with the Constitution, statutes, or rules. 28 U.S.C. § 2071(a). Mr. Cade has timely and substantively complied with all statutes and rules that regulated the presentation of such claims, including the statute of limitations, 28 U.S.C. § 2244(d), the pleading requirements of Habeas Rule 2, and case law related to replies filed under Habeas Rule 5(e). Accordingly, Mr. Cade should have a full and fair opportunity to be heard on all matters bearing on this Court's consideration of his constitutional claims.

Mr. Cade also recognizes this Court's supervisory power over lawyers practicing before it. He understands that this Court also recognizes that

> Even a sensible and efficient use of the supervisory power … is invalid if it conflicts with constitutional or statutory provisions. A contrary result "would confer on the judiciary discretionary power to disregard the considered limitations of the law it is charged with enforcing."

*Thomas v. Arn*, 474 U.S. 140, 148 (1985) (quoting *United States v. Payner*, 447 U.S. 727, 737 (1980)). Accordingly, Mr. Cade merely seeks confirmation that the Court's prior orders intended that the second amended petition would be comprehensive of the claims made in state exhaustion proceedings.

CERTIFICATE OF CONFERENCE

On July 26, 2021, undersigned counsel for Mr. Cade conferred with counsel for Respondent, Assistant Attorney General Cara Hanna, who authorized Mr. Cade to state that Respondent is opposed to the relief sought in this Motion.

* * *

FOR THE FOREGOING REASONS, this Court should enter the attached proposed order authorizing Mr. Cade to file a second amended petition of no more than 325 pages.

DATED:  July 26, 2021

Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

TIVON SCHARDL
Chief, Capital Habeas Unit
FL Bar No. 73016
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)
Tivon_Schardl@fd.org

 /s/ Joseph J. Perkovich
JOSEPH J. PERKOVICH
Co-Counsel for Petitioner
Phillips Black, Inc.
PO Box 4544
New York, NY 10163
(212) 400-1660 (tel.)
j.perkovich@phillipsblack.org

Attorneys for Petitioner Tyrone Cade

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July 2021, I electronically filed the foregoing Petitioner's Opposed Motion for Additional Pages with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____
TIVON SCHARDL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 3:17-CV-3396-G-BN |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Criminal Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**O R D E R**

On this date came on to be considered Petitioner's Motion for Additional Pages. The Court, after considering same, is of the opinion that said motion should be GRANTED.  Accordingly, it is

ORDERED that the page limit contained in Local Rule 7.5 is lifted so Petitioner may file a second amended petition that is no more than 325 pages long.

Signed this _____ day of _____, 20__.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE