# Respondent's Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYRONE CADE, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-03396-G |
| | § | |
| BOBBY LUMPKIN, Director, | § | DEATH PENALTY CASE |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**RESPONDENT'S SUPPLEMENT TO ANSWER**

This is a federal habeas corpus proceeding initiated by Petitioner Tyrone Cade, a death-sentenced Texas inmate, pursuant to 28 U.S.C. § 2254. Respondent Bobby Lumpkin (the Director) filed his Answer to Cade's Second Amended Petition (ECF No. 127) on March 8, 2022. ECF No. 132. The Director files this Supplement to Answer to address the Supreme Court's recent decision in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (May 23, 2022).

In *Martinez Ramirez*, the Court held "that, under [28 U.S.C.] § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id.* at 1734. That is because "under § 2254(e)(2), a prisoner is 'at fault' even when state postconviction counsel is negligent." *Id.* at 1735. So "a federal court may order an evidentiary hearing or

2

otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements." *Id.*

Cade has never argued that his ineffective-assistance-of-counsel (IATC) claims fall within § 2254(e)(2)'s "stringent" exceptions, and he cannot: his claims do not rely on a "new rule of constitutional law" and his *Martinez*[1] theory necessarily means that the factual bases of his claims were previously available. *See* § 2254(e)(2)(A)(i), (ii); Second Amended Petition for Writ of Habeas Corpus, ECF No. 127, at 14–16, 250. Nor has he ever alleged "that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged." *Martinez Ramirez*, 142 S. Ct. at 1734 (quoting § 2254(e)(2)(B)). As the Director explained in his answer, ECF No. 132 at 34–36, 48, 115–16, 147, 154–57, § 2254(e)(2) prevents this Court from considering Cade's new evidence that was not properly presented to the state court in his initial state habeas proceedings. *See Martinez Ramirez*, 142 S. Ct. at 1738 (discussing *Holland v. Jackson*, 542 U.S. 649, 653 (2004)); ECF No. 132 at 34 n.12.

To the extent Cade's IATC claim alleging counsel failed to investigate a "confusional arousal" defense constitutes a claim of innocence, Second Amended Pet., ECF No. 127 at 95–98, *Martinez Ramirez* squarely forecloses

---

[1]  *Martinez v. Ryan*, 566 U.S. 1 (2012).

both Cade's reliance on new evidence to support the claim and his assertion that ineffective assistance of state habeas counsel is a basis on which to expand the record beyond what was properly before the state court. *Martinez Ramirez*, 142 S. Ct. at 1734–35. Indeed, Cade's reliance on purported ineffectiveness of state habeas counsel to open the door to discovery and expansion of the record for several claims, Second Amended Pet., ECF No. 127 at 14, 55–56, 96–98, 134, 145–46, 231, is foreclosed by *Martinez Ramirez,* 142 S. Ct. at 1736. Moreover, the declarations of Cade's state habeas counsel and investigators on which Cade relies to argue he can overcome the default of his IATC claims is irrelevant and therefore inadmissible under *Martinez Ramirez*. 142 S. Ct. at 1739 ("[A] federal court may not hold an evidentiary hearing—*or otherwise consider new evidence*—to assess cause and prejudice under *Martinez*.) (emphasis added).

Because Cade cannot meet § 2254(e)(2)'s exceptions, this Court "may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*," *id*. at 1739, and this Court's adjudication of Cade's claims is limited to the properly-developed state court record, *id*. at 1734. For these reasons, Cade's request for an evidentiary hearing and discovery should be denied.

                                                Respectfully submitted,

                                                KEN PAXTON
                                                Attorney General of Texas

                                                BRENT WEBSTER
                                                First Assistant Attorney General

                                                JOSH RENO
                                                Deputy Attorney General
                                                for Criminal Justice

                                                EDWARD L. MARSHALL
                                                Assistant Attorney General
                                                Chief, Criminal Appeals Division

                                                <u>s/ Cara Hanna</u>
                                                CARA HANNA*
*Attorney in Charge                  Assistant Attorney General
                                                State Bar No. 24055622

                                                P.O. Box 12548, Capitol Station
                                                Austin, Texas 78711
                                                (p) (512) 936-1400 | (f) (512) 320-8132
                                                cara.hanna@oag.texas.gov

                                                ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to lead counsel, who has

consented in writing to accept this Notice as service of this document by electronic means:

| | |
|---|---|
| Tivon Schardl<br>Federal Public Defender<br>Western District of Texas<br>Capital Habeas Unit<br>504 Lavaca Street Suite 960<br>Austin, TX 78701 | Joseph Perkovich<br>Phillips Black Inc.<br>PO Box 4544<br>New York, NY 10163 |

 s/ Cara Hanna
CARA HANNA*
Assistant Attorney General

6